Ruffin, C. J.
 

 After a resolution in
 
 Longos
 
 case, 5 Rep. 120, that certainty to a certain intent in general is required in indictments, and no more, Lord Coke stages a further resolution, that charging a stroke on the head, or on the face,.or upon the right hand, or left arm, is sufficient,, though not specifying on what part of the head or face the stroke was given, or whether it was on the bade or palm of the right or left hand, or on what part of the arm: but that
 
 super manurn,
 
 or
 
 super hrachium,
 
 or
 
 super latus,
 
 without “ the right” or “ the left,” is not sufficient, because in such cases the part of a man, in which the wound is, is not certain. The reason of the distinction is obvious enough. There is but one head or face, and therefore it sufficeth to say,
 
 “the
 
 head” or
 
 “the face
 
 ¡’’’being that degree of certainty which is requisite in an indictment. In like manner, there is but one “right hand;” and the law does not require a certainty that shall be carried to every particular of the part or parts of that member injured. But when the injury is to a member of the body, of which there are two, it is but a certainty to a certain intent in general, to designate that one of the
 
 *41
 
 two, to which the injury was done. It is certain, therefore, that at common law, in charging the mortal wound on the hand, arm, side, or leg in an indictment for murder, it was indispensable to state it to be the right or the left arm, hand, side or leg. But it is equally clear, that this Avas requisite as a matter of form in the indictment, from respect to precedents, and to no other purpose. It Avas not regarded as one of those substantial averments, to Avhieh the proof must correspond in manner and form. For Lord Hale states, “ that an indictment for murder, besides laying the act to have been
 
 donefelonice
 
 and ascertaining the time, must have these certainties and requisites : 1st. Declare AAÚth Avhat it was done, namely, cumgladio; though killing with another weapon maintains the indictment. 2nd. Must shew in what hand the sword was held ; and for Avant of that an indictment had been quashed. 3rd. It ought to shew in wdiat part of the body the deceased was wounded, and therefore if it be on the hand or arm, without saying, whether right or left, it is not good. 4th. The length and depth of the wound is to: be shewed. Yet, he adds, “ but, though the manner and place of the hurt and its nature be requisite, as to the formality of the indictment, yet if upon evidence it appears to be another kind of Avound in-another place, if the party died of it, it is sufficient to maintain the indictment.” Thus we see, that so great respect Avas paid to the form of indictments, as settled by precedents, that an indictment \Aras actually quashed for not averring which hand held the weapon with which the wound Avas given; but, nevertheless, the evidence need not shew that it was with or on the right or left hand, though so laid in the indictment.
 
 Archb : Cr : Pig:
 
 315. It was upon that ground, namely, that the manner and form of laying the cause of the death and describing the wound Avas not of the substance of the indictment, that the Court held, in the
 
 State
 
 v.
 
 Moses, 2 Dev.
 
 452, that under the act of 1811, an indictment Avas good, which did not state the dimensions
 
 *42
 
 of the wound. It was deemed unnecessary to charge any matter, which need not be pi’oved on the trial; and that was laid down as the rule of construction of the statute. It was considered at the time, that at common law it was indispensable to state the dimensions of the wound, according to the ancient authorities, and
 
 Owen's case
 
 in this State ; and it was supposed that the law so continued in England up to that time. We were not then aware of the
 
 St.
 
 7,
 
 Geo. 4, ch.
 
 64, whereby several most material alterations were made in the law in that country as to the form of indictments and the proceedings thereon, and the mode of taking advantage of certain defects in them ; among which is a provision,' that
 
 no
 
 judgment upon any indictment, whether after verdict, or out-lawry, confession, or otherwise, shall be stayed or reversed “for want of the averment of any matter Unnecessary to be proved." It was thus by an express enactment that the same provision was adopted there, which this Court thought was one of the necessary effects of the general terms of our enactment; except that by the English statute the defects are -waived by.pleading over, and therefore arc still open to a demurrer, whereas by ours the indictment notwithstanding the defects, is sufficient to all intents and purposes, and cannot be quashed nor the judgment arrested. We find it stated accordingly by a respectable writer on pleading in criminal cases, after mentioning the rule as to laying in what part'of the body the wound was given, that it would be ridiculous to attempt to account for or justify that particularity ; and he gives his reason for the remark in these words : “ For the same strictness is not required as to the evidence necessary to support it; as if, for instance, tho wound be stated to be on the left side, and proved to’ be on the right, the variance is immaterial; and,/or
 
 this reason,
 
 the objection can now only, be taken by demurrer,” by force of the act 7
 
 Geo.
 
 4,
 
 ch.
 
 64,
 
 Archhold, Cr. Pl.
 
 316. For the same reason it cannot be taken here in any way, according to the
 
 *43
 
 act of 1811,
 
 Rev. St. ch. 35, sec.
 
 12. It maybe mentioned by the way, that the very point, decided in the
 
 State
 
 v.
 
 Moses
 
 was in 1825 so adjudged in England in
 
 Rex
 
 v.
 
 Mosely,
 
 R. and M. 97; in which it was held by ten Judges, that, a.s it was never necessary to prove the wound as laid, it is not at common law necessary to state in the indictment the length, breadth, or depth of it.
 

 When it is thus seen, that an indictment for a capital felony, which charges a mortal wound in the right ear, is supported by evidence of the wound in the left ear, it would seem to follow necessarily, that an indictment for the misdemeanor of biting olf the right ear is, in like manner, sustained by proof, that the left was bitten off. The offence by the statute is biting off “an ear and as there is no difference in the crime, whether it be one or the other, the substance of the offence charged is established by proof, that it was either ear. As Lord Hale says, it is fit to be laid as near the truth as may be, yet, if upon the evidence it appear to be a wound in another place, it is sufficient. There must doubtless be a charge of biting off' an ear, because that member is the specific object of the enactment. But it is not necessary the indictment should state, whether it be the right or the left ear, to enable the accused to defend himself, or to inform the Court of the act creating the offence, or of the punishment prescribed, nor to give the party the full benefit of the plea of former acquittal or conviction. If not good in this general form upon the principles of the common law, applicable fo the mode of charging offences against the person of another, the Court holds, that is is clearly good under the act of 1S11, because the
 
 corpus delicti,
 
 as constituted by the statute, namely, “ on purpose and unlawfully, but without malice aforethought, biting off an ear of another person,” is described in it in a plain, intelligible, and explicit manner. Therefore the refusal to nass judgment on the indictment under the statute was erroneous; and it must be so certified to the Superior
 
 *44
 
 Court, to-the end that further proceedings may be had on the verdict according.
 

 Per Curiam. Certificate ordered accordingly.